# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| DONNIE WELCH, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-02186 |
| ) | (Criminal No. 2:06-00191) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on February 16, 2016.[1] (Document No. 115.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 118.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A.　Criminal Action No. 2:06-00191:**

On July 24, 2007, Movant pled guilty to one count of possession of a bomb, aided and abetted by another person, in violation of 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2 (Count Two); one count of making false statements to federal agents in violation of 18 U.S.C. § 1001 (Count Six); one count of being an user/addict in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and one count of perjury in violation of 18 U.S.C. § 1623 (Count Nine). (Criminal Action No. 2:06-00191, Document Nos. 61, 63 - 64.) On September 11, 2007,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Movant filed a Motion to Withdraw Plea of Guilty. (Id., Document No. 77.) In support, Movant argued that he should be allowed to withdraw his guilty plea because the applicable United States Sentencing Guideline range was six-levels higher than he anticipated. (Id.) The United States filed its Response in Opposition on October 24, 2007, arguing that Movant had not presented a "fair and just reason" for permitting withdrawal of his guilty plea. (Id., Document No. 78.) Following a hearing conducted on October 25, 2007, the District Court denied Movant's Motion to Withdraw Plea of Guilty. (Id., Document Nos. 79 and 80.) A Presentence Investigation Report was prepared. (Id., Document No. 99.) The District Court determined Movant had a Base Offense Level of 33, and a Total Offense Level of 39, the Court having applied the following: A six-level enhancement pursuant to U.S.S.G. § 3A1.2(b) because the victim was a government officer/employee and the offense of conviction was motivated by such status; A two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice; and A two-level reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. (Id., Document Nos. 91, 95, 99.) Movant was sentenced on November 8, 2007. (Id., Document Nos. 84, 89, 91, and 94.) The District Court ordered that Movant serve a total term of imprisonment of 262 months consisting "of a sentence of 120 months as to each of Counts Two and Seven, to run consecutively, a sentence of 22 months as to each of Counts Six and Nine, to run concurrently to each other but consecutively to Counts Two and Seven.[2] (Id., Document No. 94.) The District Court also imposed a total term of three years of supervised release and a $400 special assessment. (Id.)

      On November 26, 2007, Movant filed a Notice of Appeal. (Id., Document No. 92.) In his

---

[2] The District Court determined that Movant was subject to the advisory guideline range of 262 to 327 months. (Criminal Action No. 2:06-00191, Document No. 95.) The District Court sentenced Movant within the advisory Guideline Range. (*Id.*)

appeal, Movant argued as follows: (1) The District Court erred by denying Movant's Motion to Withdraw Guilty Plea; and (2) The District Court erred in applying a six-level enhancement pursuant to U.S.S.G. 3A1.2(b) because the enhancement was not applied in a related case causing an unwarranted disparate sentence. (Id., Document No. 106.) On August 19, 2008, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.); United States v. Welch, 290 Fed.Appx. 543 (4th Cir. 2008). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

**B.     Section 2255 Motion:**

On March 7, 2016, the Clerk's Office received and docketed a "Motion to Vacate Judgment and Order," Affidavit, and Notice of Waiver of Fees. (Civil Action No. 2:16-02186, Document Nos. 115 and 116.) In the "Motion to Vacate Judgment and Order" and Affidavit, Movant argues that his criminal judgment is void because it was "obtained by outright fraud, negligence or malfeasance" due to a lack of jurisdiction and statutory authority.[3] (Id., Document No. 115.) As further grounds for relief, Movant argues as follows:

1.  The United States obtained a judgment under the color of law for murder which was not charged in the indictment violating Alleyne v. U.S., 133 S.Ct. 2151 (2013), Apprendi v. N.J., 530 U.S. 466 (2000); and Cole v. Arkansas, 333 U.S. 196 (1948).[4]

---

[3] Although Movant does not identify himself as a "sovereign citizen," arguments contained within his Motion bears the hallmarks of a "sovereign citizen." "Sovereign citizen" claims are claims by individuals who physically reside in the United States, but do not recognize the authority of the federal or state government, and thus, contend that they are not subject to the law and jurisdiction of governmental entities. In the instant case, Movant asserts such arguments in support of his claim that the Court lacked jurisdiction. In addition to this claim being untimely, the foregoing argument is frivolous. *See United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)(explaining that "sovereign citizen" arguments have "no conceivable validity in American law"); *United States v. Benabe*, 654 F.3d 753, 676 (7th Cir. 2011)(claims of individual sovereignty and immunity from prosecution have been repeatedly rejected).

[4] The record clearly reveals that Movant was not convicted of murder. In determining Movant's Base Offense Level, it was determined that Movant possessed a destructive device (a bomb) in

      2.      The United States obtained a judgment under the color of law using §§ 841 and 846 not meeting the requisite elements of the statute definition to bring forth a charge in violation of <u>Clark</u>, 475 F.2d 240 (CA 2 1973) and <u>Jewell</u>, 532 F.2d 697 (CA 9 1976); and

      3.      The United States obtained a judgment under the color of law using the Controlled Substance Act contrary to the Congressional Intent of the Act in violation of <u>U.S. v. Jin Fuey Moy</u>, 241 U.S. 394 (1916).

(<u>Id.</u>, p. 4.) As relief, Movant requests that his criminal judgment be vacated and the immediate release from custody. (<u>Id.</u>) Citing <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), Movant specifically states that he "rejects and does not consent nor authorize[] the naming of this Motion to Vacate Judgment and Order to a §2241, §2255 or other

---

connection with another felony offense (attempted murder). Thus, Movant's Base Offense Level was determined to be 33 "because the object of the offense would have constituted first degree murder." (Criminal Action No. 2:06-cr-00191, Document No. 99, p. 12.) Movant appears to assert an *Apprendi* argument that the Court wrongly enhanced his sentence for murder based upon facts that were not proven beyond a reasonable doubt to a jury. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reaffirmed the Court's holding in *Apprendi* and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in *Blakely* to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The sentence authorized by the facts established by Movant's guilty plea was a total term of imprisonment of 30 years. 18 U.S.C. §§ 5871, 924(a)(2), 1001, and 1623. The District Court sentenced Movant to total term of imprisonment of 262 months. Thus, Movant's sentence quite clearly did not exceed the maximum penalty authorized in view of his plea of guilty. *See United States v. Hughes*, 401 F.3d 540, 553 (4th Cir. 2005)(stating that the maximum sentence authorized by a jury verdict "is, of course, the maximum set forth in the statute of conviction"); *United States v. Green*, 163 Fed.Appx. 221, 223 (4th Cir. 2006)(finding that *Booker* held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range).

U.S. Code relief . . . ." (Id., p. 2.) Movant further states that "[t]his action is permitted under Fed. R. Civ. P 60(b)(4) for void judgment." (Id., p. 1.)

By Order and Notice entered on March 9, 2016, the undersigned Court notified Movant of its intention to re-characterize his "Motion to Vacate Judgment and Order" as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). (Id., Document No. 119.) The undersigned acknowledged Movant's reliance upon Rule 60(b)(4) of the Federal Rules of Civil Procedure.[5] (Id.) The undersigned, however, informed Movant that a defendant may not attack a criminal conviction using the Federal Rules of Civil Procedure. United States v. Leake, 96 Fed.Appx. 873 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 207-08 (4th Cir. 2003)(finding that motions brought under Rule 60(b) collaterally attacking on a defendant's conviction and sentence must be brought under 28 U.S.C. § 2255). Therefore, the undersigned advised Movant as follows:

> Movant should inform the Court in writing by **April 11, 2016**, if he does not wish to have his Motion re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the Motion as a Motion filed under Section 2255. If Movant agrees that his Motion shall be considered under Section 2255, Movant may further amend his Section 2255 Motion to the extent permitted by law. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). Should Movant not agree with the Court that his Motion should be re-characterized as a Section 2255 Motion, the Court will rule upon the Motion as filed under Rule 60(b) of the Federal Rules of Civil Procedure.

(Id.) Movant has not filed a response to the Court's above Order and Notice. Accordingly, the undersigned will consider Movant's "Motion to Vacate Judgment and Order" as a Motion under Section 2255.

---

[5] Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

## **ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). The Fourth Circuit affirmed Movant's conviction and sentence on August 19, 2008, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (November 18, 2008). On March 7, 2016, more six years and three months after the one-year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 2:06-00191. (Civil Action No. 2:16-02186, Document No. 115.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.[6]

---

[6] Movant presents no arguments supporting a claim that his Motion is timely pursuant to Section 2255(f).

Viewing Movant's Motion liberally, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief "based on a new rule of constitutional law, previously unavailable, made retroactive." Specifically, Movant relies upon Alleyne in support of the foregoing. In Alleyne, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[7] The undersigned, therefore, will consider whether Alleyne is retroactive for purposes of collateral review. Alleyne establishes a new rule of criminal procedure, rather than a substantive change in the law. Harris v. United States, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that Alleyne is not retroactive for purposes of collateral review. United States v. Stewart, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); also see Crayton v. United States, 799 F.3d 623, 624 (7th Cir. 2015); United States v. Redd, 735 F.3d 88, 92 (2nd Cir. 2013); Simpson v. United States, 721 F.3d, 875 (7th Cir. 2013); Manning v. United States, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); Muhammad v. Purdue, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); United States v. Ezlolisa, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon Alleyne. Movant's Motion contains no other no allegation or indication that his Section 2255 Motion is timely because one of Section 2255(f)'s other subsections applies.

---

[7] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The undersigned notes that *Apprendi* is not retroactive on collateral review.

Therefore, the undersigned finds that Movant's Section 2255 Motion is untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.

1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

**PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 115), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, and counsel of record.

Date: September 12, 2018.

Omar J. Aboulhosn
United States Magistrate Judge